### SAMUEL R. PEACOCK V. THE STATE.

An indictment for embezzlement, laying time and place, charged that one P., " being then and there an officer of the State of Texas, for the county " of A, being then and there the legal custodian of the fines assessed " and paid in for the violation of criminal laws within said county, that " the said P., being then and there an officer as aforesaid and having " charge of certain funds as aforesaid, did, on the day and date aforesaid, " and on various other days before that date, unlawfully misapply and " convert to his own use a large sum, to wit, one hundred dollars, with " fraudulent then and there to feloniously appropriate the same to his " own use and benefit, and embezzle from the county the said of one " hundred dollars, contrary to the form of the statute " &c.   *Held*, to be fatally defective, in that it fails to state with any clearness or certainty the kind or character of fines of which the clerk, as such, was the lawful custodian ; and it fails to charge a fraudulent intent, which was a material part of the crime, and the omission of which, whether by accident or otherwise, must be held fatal to the indictment.

APPEAL from Anderson.   Tried below before the Hon. Jno. G. Scott.

The charging part of the indictment is copied literally, in the head note.

*Walton & Green* and *Moore*, for the appellant.

*William Alexander, Attorney-General*, for the State.

OGDEN, J.   The indictment in this case is fatally defective in many respects.   It fails to state with any clearness or certainty, the kind or character of fines of which the clerk, as such, was the lawful custodian.   It wholly fails to state from whom the clerk received the money for the embezzlement of which he is indicted, or whether it was from one or several persons.   But the indictment fails to specify what or whose money, the accused had misapplied and converted to his own use.   It may have been the jury fund, the school fund, or any other

fund belonging to the county, of which there can be no pretense that the District Court clerk is the lawful custodian; and, indeed, it may have been his own private funds which he is charged with misapplying; and from some of the evidence admitted on the trial of the case, the last supposition would be as legitimate as any other.

But the appellant in this case was indicted and convicted of the crime of embezzlement, without charging or proving a fraudulent intent. In prosecutions of this character, the guilt or innocence of the party prosecuted depends entirely upon the intent with which the act complained of was done; for without a criminal intent, there can be no crime. The intent, therefore, was the material part of the crime attempted to be charged, and the omission to charge the fraudulent intent, whether by accident or otherwise, must be held fatal to the indictment. (See Bishop's Criminal Procedure.) There was error in the rulings of the District Court in not sustaining the exceptions to the indictment; and for this error, the judgment is reversed, and the case dismissed.

Reversed and dismissed.